# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN McCARTHY,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 08-1123** |
| | : | |
| **COUNTY OF BUCKS, et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                            **December 8, 2008**

Kevin McCarthy alleges that Bucks County, two Sheriff's Department employees (one unknown), the County's Department of Health Director, two physicians (one unknown), and the County's Department of Corrections Director used excessive force and denied him proper medical treatment while he was incarcerated.  Defendants have filed motions to dismiss[1] the second amended complaint in this § 1983[2] case.  For the reasons that follow, I will grant the motions in part and deny them in part.

---

[1]Thomas French and John Doe I's motion is Documents #29.  They are joined in their motion by Sheriff Edward Donnelly who is no longer a party. Eleanor M. Travers' motion is Document #32.  Bucks County and Harris Gubernick's motion is Document #33.  Defendants Dr. David Davis and John Doe 3, however, have not responded to the second amended complaint at all. According to the ECF docket, they are not represented.

[2]Specifically, the plaintiff alleges violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments.

## I. BACKGROUND

When he turned himself into the Bristol Township police department in Bucks County, Kevin McCarthy suffered from a condition called RSD.[3]  He was then turned over to the custody of Bucks County Sheriff's Department.  Before the Sheriff's office employees took McCarthy to prison, Bristol Township officers told Sheriff's Department employee Thomas French not to cuff McCarthy's left hand because - due to his RSD - it would cause pain.  French ignored this instruction and placed handcuffs tightly on McCarthy's left hand during the 50-minute trip to the Bucks County prison.  During the ride, French ignored McCarthy's complaints about his condition and the pain caused by the handcuffs.

During the first days of his incarceration, McCarthy's left hand became red and swollen. He sought medical care, but was denied on multiple occasions by employees of the Bucks County Department of Health.  The delay in treatment caused "extreme pain,

---

[3]McCarthy does not explain the causes or symptoms of "RSD" in his second amended complaint.  A neurology website explains:

> Reflex sympathetic dystrophy (RSD) or complex regional pain syndrome (CRPS), is a chronic, painful, and progressive neurological condition that affects skin, muscles, joints, and bones. The syndrome usually develops in an injured limb, such as a broken leg, or following surgery. However, many cases of RSD involve only a minor injury, such as a sprain. And in some cases, no precipitating event can be identified.  Pain may begin in one area or limb and then spread to other limbs. RSD/CRPS is characterized by various degrees of burning pain, excessive sweating, swelling, and sensitivity to touch. Symptoms of RSD/CRPS may recede for years and then reappear with a new injury.

See http://www.neurologychannel.com/rsd/index.shtml; see also http://en.wikipedia.org/wiki/Complex_regional_pain_syndrome (providing a more detailed description).

2

disability, infection, festering, and severe injury, requiring surgery resulting in an open wound, exacerbation of his RSD causing temporary paralysis," and the need for multiple physical therapies.  (Second Amended Compl. ¶ 26.)

On March 17, 2006, McCarthy was taken to Abington Hospital because his arm was severely swollen.  An argument between Dr. Davis or John Doe 3 and hospital staff prevented him from being admitted.  McCarthy was then transported to Doylestown hospital where he was told that immediate surgery to relieve pressure from the infection caused by the handcuffing was required.  One doctor said McCarthy's arm featured "most likely the worst abscess I have seen in my career."  (Second Amended Compl. ¶ 31).

McCarthy alleges that even after his hospital visit and his report of excessive force, defendants deprived him of his constitutional rights by failing to report, investigate or treat his injuries.  He alleges (upon information and belief) that his injuries resulted from the policies, or lack thereof, concerning his treatment by the Sheriff's Department, the Department of Corrections and the Department of Health of Bucks County.

McCarthy's second amended complaint contains the following five causes of action against the defendants including a § 1983 claim,[4] negligence, assault / battery,

---

[4] Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.  Section 1983 does not by itself confer substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated under the color of state law.  Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); Morse v. Lower Merion

intentional infliction of emotional distress and a claim for punitive damages.

The defendants moved to dismiss Counts I, II (only as to John Doe 1), IV(only as to John Doe 1) and "VI" (only as to John Doe 1) of the second amended complaint.

## II. MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss is to test the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, courts must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement must provide defendant with "fair notice of what the . . .claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007); see also D.P. Enterprises. v. Bucks County Community College., 725 F.2d 943, 944 (3d Cir. 1984). Twombly's plausibility paradigm has been extended by the Third Circuit to civil rights actions under § 1983. See Phillips v. County of Allegheny,

---

Sch. Dist., 132 F.3d 902, 906-07 (3d Cir. 1997). In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution, and (2) that the constitutional deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). There is no dispute that each of the individual defendants, as Bucks County officers or employees, acted under the color of state law at all relevant times. The second amended complaint contains five counts. Count V, however, is called "Count VI" by plaintiff McCarthy.

515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion.").

At this stage, however, establishing that no possible claim has been presented is the defendants' burden.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). Yet courts will not accept as true "bald assertions" or "vague and conclusory allegations." See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).


III. DISCUSSION

To establish a claim under § 1983, a plaintiff must allege (1) a deprivation of a federally protected right, and (2) commission of the deprivation by one acting under color of state law.  Lake v. Arnold, 112 F.3d 682, 689 (3d Cir.1997).   See 42 U.S.C. § 1983. There is state action where a defendant's "official character is such as to lend the weight of the State to his decisions." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  The focus of § 1983, therefore, is "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Davidson v. O'Lone, 752 F.2d 817, 826 (3d Cir. 1984), aff'd, 474 U.S. 344 (1986). Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights. Baker v. McCollan, 443 U.S. 137, 145 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

**A. Excessive Force Under § 1983**

McCarthy has alleged that Thomas French,[5] a Sheriff's Department employee, violated his Fourth Amendment rights by using excessive force when he was handcuffed on March 7, 2006. These allegations appear to meet the requirements for stating a claim under § 1983.  Lake, 112 F.3d at 689; see also 42 U.S.C. § 1983.

All claims of excessive force by police officers in the context of an arrest or other "seizure" are analyzed under the Fourth Amendment.  Graham v. Connor, 490 U.S. 386, 395 (1989).  A seizure occurs when "an officer restrains the freedom of a person to walk away."  Tennessee v. Garner, 471 U.S. 1, 7 (1985). It is undisputed that a seizure occurred in this case; McCarthy turned himself in, was handcuffed and incarcerated.  The Fourth Amendment requires not only that the plaintiff show a seizure, but also that it was unreasonable.

McCarthy's complaint makes a showing that the seizure was unreasonable. Excessive force claims are evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Graham, 490 U.S. at 396-97. Further, evaluations of such claims must allow "for the fact that police officers are often forced to make split-second judgments - in circumstances that are often tense, uncertain,

---

[5]McCarthy's specific factual allegations against Sheriff's Department employee, John Doe 1, are merely that John Doe 1 is a Sheriff's Department employee.  (Second Amended Complaint ¶ 8).  As there are no other specific factual allegations with respect to John Doe 1, it is not clear that he was even intended to be a party to this suit.  In any case, any claim McCarthy was attempting to state against John Doe 1 should be dismissed and John Doe 1 should be terminated as a party.

and rapidly evolving - about the amount of force that is necessary in a particular situation." Id.  The standard is objective; courts do not consider the officer's intent or motivation, but only whether the actions were objectively reasonable in light of the facts and circumstances facing the officer at the time.  Id. at 397.  Although I am making no judgment about what actually happened (only about the sufficiency of the complaint), the following reasonableness factors applied to the facts alleged by McCarthy suggest that his seizure was unreasonable.

Reasonableness factors include (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the officer's safety or to others' safety and (3) whether he is resisting arrest actively or "attempting to evade arrest by flight."  Graham 490 U.S. at 396 (citing Tennessee v. Garner, 471 U.S. at 8-9).  Additionally, (4) "the possibility that the persons subject to the police action are themselves violent or dangerous," (5) "the duration of the action," (6) "whether the action takes place in the context of effecting an arrest," (7) "the possibility that the suspect may be armed," and (8) "the number of persons with whom the police officers must contend at one time" should be considered.  Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1999) (abrogated on other grounds by Curley v. Klem, 499 F.3d 199 (3d Cir. 2007)).

No information about the crime for which McCarthy was turning himself in has been provided.  However, when the Township turned McCarthy over to the Bucks County Sheriff's Department (to French in particular), McCarthy (according to his complaint) did

not pose a significant threat to the safety of the Sheriff's Department employees or others because he already was in custody and voluntarily so. As with any person subject to police action, some allowance must be made for the risk of violence to officers. However, McCarthy alleges that the excessive force from the handcuffs was applied for more than 50 minutes.  The force did not take place in the context of <u>effecting</u> an arrest because McCarthy was already voluntarily under arrest when he was presented to the Sheriff's Department.  McCarthy was being received by the Sheriff's office from Township officers.  Therefore any belief on the part of French that McCarthy was armed would have been unreasonable under the facts as pled in the complaint.  Neither French nor Bucks County have alleged that there were other people in addition to McCarthy with whom they were contending during the more than 50 minutes that he was handcuffed tightly.  McCarthy's allegations, if true, show that the force used in McCarthy's seizure was unreasonable.  McCarthy has stated a Fourth Amendment claim for excessive force against Thomas French.

　　　　To the extent that McCarthy attempts to assert a Fourth Amendment excessive force claim against Bucks County or any of its officials or employees, those claims are dismissed.[6]  Under § 1983, when a plaintiff claims that a municipality that has not directly inflicted his injury is nevertheless responsible because its employees have done so, he

---

[6]McCarthy's "shotgun" style of pleading lumps all his allegations of constitutional violations by all defendants into one count and repeats "Defendants" and "and/or" without connecting the facts with respect to specific actors to the alleged violations.

must show that a policy or custom is responsible for the injury caused by the violation of his constitutional rights.  Section 1983 liability, therefore, cannot be based on a theory of *respondeat superior*.  It makes no difference whether the claim is brought against a local government, Monell v. Dep't. of Soc. Serv. of City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978), or an individual, Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).  In other words, there must be a policy or decision officially adopted (or promulgated by those whose acts may fairly be said to represent official policy) in order for municipal liability to be established.  Further, under Monell, the actions of which McCarthy complains must be an execution or implementation of that policy.  Monell, 436 U.S. at 690-91.  A single incident, without more, rarely suffices to establish an official custom or policy.  Wakshul v. City of Philadelphia, 998 F.Supp. 585, 591 (E.D. Pa. 1998).  Further, there must be a causal connection between the policy or custom and the constitutional inquiry.  Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004).  These culpability and causality standards are rigorous so that municipalities are not held liable solely for their employees' actions.  Board of County Comm'rs of Bryan County Okl. v. Brown, 520 U.S. 397, 405 (1997).  McCarthy has alleged that policies or customs existed, but all of them relate to medical care or reporting of incidents of excessive force and not to the use of force or any other Fourth Amendment issue.  Bucks County and its officials Gubernick and Travers, therefore, cannot be held liable for French's alleged use of excessive force.  Therefore, any Fourth Amendment

excessive force claim should be dismissed except the claim against French.

### B. Denial of Medical Treatment Under § 1983

Claims for inadequate medical treatment or a deprivation of medical treatment under § 1983 may implicate the Eighth Amendment's prohibition of cruel and unusual punishment made applicable to the states by the Fourteenth Amendment.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).

McCarthy asserts that although they did not directly inflict his injury, municipal liability under § 1983 should attach to Bucks County, Eleanor Travers and Harris Gubernick because these defendants had deficient policies or customs relating to (1) the handling of excessive force incidents after-the-fact and (2) the handling of medical needs. McCarthy suggests that there is an official policy in place for dealing with either or both of these issues, but that they were inadequate or not followed.

Although he suffers from a single injury or condition, McCarthy alleges more than a single incident of failure to treat properly.  See Wakshul, 998 F.Supp. at 591 (stating that a single incident, without more, rarely suffices to establish an official custom or policy). On several occasions, defendants followed their custom of denying medical treatment which included failing to provide medical treatment in response to a MRSA outbreak.  Gubernick, Travers and other Bucks County officials adopted this policy, according to McCarthy.  See Monell, 436 U.S. at 690-91.

10

McCarthy is complaining of conduct that is more than tortious.  Mitchell v. Hendricks, 431 F.Supp. 1295 (E.D. Pa. 1977).  His complaint presents "facts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs," Id., 409 U.S. at 105.  Therefore, McCarthy has validly stated a claim against defendants Bucks County, Eleanor Travers, Harris Gubernick, David Davis and John Doe 3.

Gubernick is a non-medical prison official.  Typically, a non-medical official will not be liable for failure-to-treat-properly claims if he was justified in believing (1) that the inmate was being cared for or (2) that the inmate was in capable hands.  Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (referring to Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993) and granting motion to dismiss where claims were against non-medical official).  However, in this case, Gubernick is alleged to have followed (or not followed) a policy not only with respect to medical treatment, but also with respect to investigation and reporting of incidents of excessive force.

As director of the Bucks County Department of Corrections, Gubernick "has been responsible for establishing and implementing policies and procedures relating to the management, operation, control and oversight of the provision of medical services" at both the Bucks County Correctional Facility and the Male and Female Community Corrections Center. McCarthy alleges that he permitted a policy, practice and procedure of failure to refer timely for medical treatment.  He further alleges that the policy and practice of failure contradicted a written policy to the contrary.  While there is not an

abundance of facts to support these allegations, McCarthy has adequately stated a claim against Gubernick.

### C. Punitive Damages

Although Count I of the second amended complaint does not specifically demand punitive damages, the complaint's conclusion specifically contains a request for punitive damages.  Section 1983, however, does not permit awards of punitive damages against municipal defendants or their employees sued in their official capacities.  See City of Newport News v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).  Therefore defendants Bucks County, Harris Gubernick and Eleanor Travers cannot be liable for punitive damages.  Eleanor Travers and Harris Gubernick have been sued in their official capacities which is the equivalent of a suit against the municipality that employs them. Therefore, like Bucks County, Ms. Travers and Mr. Gubernick (acting in their official capacity) are immune from punitive damages.  See Kentucky v. Graham, 473 U.S. 159, 167 n. 13 (1985).

Defendant French, however, has been sued in his individual capacity.[7]  Therefore, if he is found liable for the alleged constitutional violations, he also may be liable for punitive damages, along with defendants Davis and Doe 3.

---

[7]Defendants' motion to dismiss states otherwise: "Plaintiff has sued Donnelly, French and John Doe 1 in their official capacities."  (Document #30 at page 15).  However, Donnelly is not even named in the second amended complaint and French and Doe 1 were sued in their "individual and/or official capacity."  (Document #28 at ¶ 12).

**IV. CONCLUSION**

For the foregoing reasons, the motions to dismiss are granted in part and denied in part.  All counts against John Doe 1 are dismissed.  The motions are denied with respect to the § 1983 claims for excessive force (French) and denial of medical care (Bucks County,  Eleanor Travers, David Davis, John Doe 3 and Harris Gubernick).  The remaining counts, therefore, are:

| | |
|---|---|
| Count I: | §1983 as to Bucks County, Thomas French, Harris Gubernick, Eleanor Travers, David Davis and John Doe 3. |
| Count II: | Negligence, assault and battery as to John Doe 3 |
| Count III: | Negligence as to Dr. David Davis |
| Count IV: | Negligent / intentional infliction of emotional distress as to Dr. Davis and John Doe 3 |
| Count VI: | Punitive damages as to Dr. David Davis and John Doe 3 |

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN McCARTHY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-1123 |
| | : | |
| COUNTY OF BUCKS, et al., | : | |
| Defendants | : | |

## O R D E R

**STENGEL, J.**

**AND NOW**, this 8th day of December, 2008, upon consideration of the motions to dismiss by defendants Bucks County and Harris Gubernick (Document #33), defendant Eleanor Travers (Document #32), and defendants Thomas French and John Doe 1 (Document #29), it is hereby **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part:

(1) All counts against John Doe 1 are **DISMISSED**. The Clerk is directed to terminate John Doe 1 as a party.

(2)  The moving defendants' motions are **DENIED WITH PREJUDICE** with respect to the § 1983 claims for excessive force (French) and denial of medical care (Bucks County,  Eleanor Travers, David Davis, John Doe 3 and Harris

14

Gubernick).

(3) The counts now remaining are:

Count I:        §1983 as to Bucks County, Thomas French, Harris Gubernick,
                Eleanor Travers, David Davis and John Doe 3.

Count II:       Negligence, assault and battery as to John Doe 3

Count III:      Negligence as to Dr. David Davis

Count IV:       Negligent / intentional infliction of emotional distress as to Dr. Davis
                and John Doe 3

Count VI:       Punitive damages as to Dr. David Davis and John Doe 3

BY THE COURT:

 /s/ Lawrence F. Stengel

LAWRENCE F. STENGEL, J.